UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 10-40257-FDS

| | |
|---|---|
| WAKEELAH A. COCROFT, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMY SMITH, | ) |
| Defendant | ) |

### ANSWER OF DEFENDANT TO
### PLAINTIFF'S COMPLAINT AND JURY DEMAND

Now comes Defendant Jeremy Smith and answers Plaintiff's Complaint and Jury Demand as follows:

## INTRODUCTION

1.     Paragraph 1 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading by Defendant is not required.  But insofar as that paragraph can be construed as alleging facts, Defendant denies them.

## JURISDICTION

2.     Defendant neither admits nor denies the allegations contained within Paragraph 2 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendant is not required.

## PARTIES

3.     Defendant neither admits nor denies the allegations contained within Paragraph 3 of Plaintiff's Complaint, as they are without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

4.     Defendant admits that he was at all times material hereto a police officer in the Worcester Police Department, but neither admits nor denies the remaining allegations contained within Paragraph 4 of Plaintiff's Complaint, as they present a conclusion of law to which a responsive pleading by Defendant is not required.

5.     Defendant denies that the alleged incident occurred in 2008, but admits the remaining allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.     Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint that Ms. Mwangi was driving the motor vehicle, a 2006 Saturn Ion (Mwangi vehicle), on Park Avenue in Worcester, MA, when Defendant recorded her speed on the lidar unit in excess of the posted speed limit, and activated his lights to initiate a stop of the vehicle.  Defendant has insufficient knowledge to admit or deny Ms. Mwangi's intended destination or purpose.  Defendant admits that Ms. Mwangi drove the vehicle into the Mobile station at the intersection of Park Avenue and Institute Road, and Defendant drove his marked police vehicle into the gas station behind the Mwangi vehicle.

7.     Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint that he stopped his police vehicle behind the Mwangi vehicle and exited his vehicle, but Defendant denies that he then activated his blue lights, as the lights had already been activated to initiate the stop of the Mwangi vehicle.

8.     Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint that he was in uniform and armed, but denies that he first approached the driver's side of the Mwangi vehicle and that he screamed at her.  Defendant admits that Mwangi exited the vehicle and approached him, at which time he requested that she return to her vehicle, and remain seated, informed her of her excessive speed and requested her license and registration.

9.     Defendant admits the allegation in Paragraph 9 of Plaintiff's Complaint that Plaintiff was seated in the front passenger seat of the Mwangi vehicle, but has insufficient knowledge to admit or deny what Plaintiff witnessed.  Defendant denies the remaining allegations contained in that paragraph.

10.     Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint that Plaintiff made objections, and that Defendant told Plaintiff that if he wanted to speak to her, he would, but Defendant denies the remaining allegations contained in that paragraph.

11.     Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint that he collected the license and registration documents from Mwangi and returned to his cruiser.

12.     Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint that Plaintiff ignored his instructions to wait to get gas, and so Defendant exited his vehicle and instructed Plaintiff to put the nozzle back and return to the vehicle.  Defendant denies the remaining allegations contained in that paragraph.

14.     Defendant denies the inference in Paragraph 14 of Plaintiff's Complaint that Plaintiff immediately complied with his instructions.  Defendant admits that Plaintiff eventually replaced the nozzle of the pump.  Defendant admits that Plaintiff continued to make objections and refused to comply with his instructions, and so he had to advise her that if she did not return to her vehicle and be quiet, she would be arrested.  Defendant denies the remaining allegations contained in that paragraph.

15.     Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint that, after continuing to refuse to comply with his instructions, he approached Plaintiff in order to arrest her, and she then attempted to get into the Mwangi vehicle and shut the door.  Defendant denies that Plaintiff was then "seized from behind," but admits that Plaintiff had to be pulled from the vehicle.  Defendant denies the remaining allegations contained in that paragraph.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits the allegation in Paragraph 17 of Plaintiff's Complaint that Mwangi called 911, but denies the remaining allegations contained in that paragraph.

18.     Defendant admits the allegation in Paragraph 18 of Plaintiff's Complaint that Officer Thomas Dowd arrived to assist, but denies the remaining allegations contained in that paragraph.

19.     Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant neither admits nor denies the allegations contained within Paragraph 21 of Plaintiff's Complaint, as he is without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

22.     Defendant neither admits nor denies the allegations contained within Paragraph 22 of Plaintiff's Complaint, as he is without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT I
### 42 U.S.C. § 1983 Claim Against Jeremy Smith (4th Amendment to the U.S. Constitution)

26.     Defendant repeats his responses to the above paragraphs as if fully set forth herein.

27.     Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint and (a) through (c).

28.     Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

## COUNT II
### 42 U.S.C. § 1983 Claim Against Jeremy Smith (1st Amendment to the U.S. Constitution)

29.     Defendant repeats his responses to the above paragraphs as if fully set forth herein.

30.     Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## COUNT III
### State Claim – Assault and Battery

32.     Defendant repeats his responses to the above paragraphs as if fully set forth herein.

33.     Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

## COUNT IV
### State Claim – False Arrest

35.     Defendant repeats his responses to the above paragraphs as if fully set forth herein.

36.     Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

## COUNT V
### State Claim – Violation of Massachusetts Civil Rights Act Against Defendant Smith

38.     Defendant repeats his responses to the above paragraphs as if fully set forth herein.

39.     Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's service of process was insufficient, and, therefore, Plaintiff's case should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable under 42 U.S.C. § 1983 because his actions were constitutional, i.e., did not deprive Plaintiff of any rights.

## FIFTH AFFIRMATIVE DEFENSE

The individual Defendant is qualifiedly immune from liability in his individual capacity.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's actions were justified and in good faith at all times.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant at all times acted reasonably and with a good faith belief that his actions were lawful and not in violation of any federal or state constitutional right.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

## TENTH AFFIRMATIVE DEFENSE

The actions of Defendant were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for damages because any conduct by Defendant or his agents, in connection with the matter alleged in the Complaint was discretionary within the scope of their authority as a public official and performed in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws and its policies and practices.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant has not violated any of the Plaintiff's First or Fourth Amendment rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

There was probable cause for Plaintiff's arrest.

## SIXTEENTH AFFIRMATIVE DEFENSE

The force used as to Plaintiff was reasonable under all the circumstances.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant did not intentionally and unjustifiably use excessive or harmful force against Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant at all times was motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiff's rights.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The touching and/or seizure of Plaintiff was statutorily and constitutionally proper and appropriate.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff consented to the actions of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant did not unlawfully confine Plaintiff, directly or indirectly

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any peculiar power of coercion possessed by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

In the event Plaintiff did resist arrest, Plaintiff had no right to resist arrest by Defendant, and Plaintiff is responsible for all injuries caused by that resistance.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant was justified in restraining Plaintiff, as Plaintiff's arrest was not false or unlawful.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not at any time act with malice toward Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by Plaintiff's own actions or omissions.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff as alleged were the result of Plaintiff's own intentional conduct and Plaintiff is therefore barred from recovery.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries or damages were caused, in whole or in part, by Plaintiff's violation of statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant is not liable because the actions of Defendant were privileged.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The actions of Defendant alleged in Complaint were neither the proximate nor the actual cause of any damage suffered by Plaintiff.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and made in bad faith, and Defendant therefore demands his costs and attorneys' fees.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege sufficiently that Defendant's conduct was extreme or outrageous.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery because she was in violation of a statute, regulation and/or City ordinance at the time of the alleged incident.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any interference or attempted interference by Defendant with any of Plaintiff's secured rights was not by threats, intimidation or coercion.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiff's secured rights is not cognizable under Mass. Gen. Laws c. 12, § 11I.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead any special damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

WHEREFORE, Defendant prays that this Court enter judgment in his favor as follows:

1.      that Plaintiff's Complaint be dismissed;

2.      that Plaintiff takes nothing by her Complaint; and

3.      for such other and further relief as this Court deems proper, including costs and reasonable attorney's fees awarded to Defendant.

Defendant requests a jury trial as to all issues.

JEREMY SMITH

By his attorneys,

David M. Moore, City Solicitor

*/s/ Wendy L. Quinn*
Wendy L. Quinn (BBO #653954)
Assistant City Solicitor
Room 301, 455 Main Street
Worcester, MA  01608
(508) 799-1161
quinnwl@worcesterma.gov

CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that on this 24th day of February, 2011, I served the within Answer of Defendant to Plaintiff's Complaint and Jury Demand upon Plaintiff by providing a copy of the same to Plaintiff's counsel of record via the United States District Court's electronic notification system.

*/s/ Wendy L. Quinn*
Wendy L. Quinn
Assistant City Solicitor