**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| WAKEELAH A. COCROFT, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | **CIVIL ACTION** |
|  | ) | **NO. 10-40257-TSH** |
|  | ) | |
| JEREMY SMITH, | ) | |
| Defendant. | ) | |

**ORDER AND MEMORANDUM OF DECISION ON DEFENDANT JEREMY**
**SMITH'S MOTION FOR SUMMARY JUDGMENT (Docket No. 26)**

**March 29, 2013**

**HILLMAN, D.J.**

**Background**

Wakeelah A. Cocroft ("Cocroft" or "Plaintiff") has filed a federal civil rights claim against Worcester Policer Officer Jerermy Smith ("Smith" or "Defendant") under 42 U.S.C. §1983 for violation of her First and Fourth Amendment rights. Cocroft has also filed Massachusetts state law claims against Smith for violation of the Massachusetts Civil Rights Act ("MCRA"), Mass.Gen.L. ch. 12, §§11-H-I and tort law claims for assault and battery and false arrest. Specifically, Cocroft alleges that Smith arrested her for objecting to the manner in which he was speaking to her and that the amount of force that he employed during the arrest

"was unreasonable and grossly disproportionate to any conceivable law enforcement interest." *Complaint* (Docket No. 1), at ¶ 16.

### Standard of Review

Summary Judgment is appropriate where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1st Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "'A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case." *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 152 (1st Cir. 2009) (quoting *Calero-Cerezo v. U.S. Dep't. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)).

When considering a motion for summary judgment, the Court construes the record in the light most favorable to the nonmoving party and makes all reasonable inferences in favor thereof. *Sensing,* 575 F.3d at 153. The moving party bears the burden to demonstrate the absence of a genuine issue of material fact within the record. *Id.,* at 152. "'Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial.'" *Id.* (citation to quoted case omitted). "'[T]he nonmoving party "may not rest upon mere allegations or denials of the [movant's] pleading, but must set forth specific facts showing that there is a genuine issue of material fact as to each issue upon which [s/he] would bear the ultimate burden of proof at trial." *Id.* (citation to quoted case omitted). The nonmoving party cannot rely on "conclusory allegations" or " improbable inferences". *Id.* (citation to quoted case omitted). " ' The test is whether, as to each essential element, there is "sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party." ' " *Id.* (citation to quoted case omitted).

## **Facts**

On December 29, 2008, at approximately 7:00 a.m., Cocroft was riding as a passenger in an automobile operated by her sister, Clytheia Mwangi ("Mwangi"), on Park Avenue in Worcester, Massachusetts. As the automobile in which she was traveling passed in front of Smith, he activated his lights and pulled behind the vehicle as it made a right-hand turn into a gas station. Smith approached the vehicle and advised Mwangi that she had been speeding; he asked to see her license and registration. Smith was very loud and aggressive—he screamed at Mwangi and thrust the "speedometer" into the window. Cocroft told Smith that he did not have to speak to her sister in that manner. Smith replied that he would speak to Cocroft if he had something to say to her.

Smith had advised Mwangi to stay in the car. When Smith went back to his cruiser to write the citation, Cocroft exited the vehicle went into the Mobil store and paid $5.00 for gas. She then returned to the vehicle, placed the receipt inside and began to pump gas. Smith exited his cruiser and told Cocroft in a loud and hostile manner to get back in the vehicle. He yelled "I thought I told you to stay in the car." Cocroft replied that she did not know Smith had been speaking to her and told him that she has rights. Smith told her that if she said another word, he would arrest her. Cocroft replied that he did not have to talk to her in that manner. Smith had started back to his cruiser and Cocroft had opened the passenger door of Mwangi's vehicle to get back in. Smith had determined to arrest her for continuing to speak after being told not to say another word. As Cocroft was getting back in the car, Smith turned around and moved quickly towards Cocroft to arrest her. Smith approached her from the rear

3

and grabbed her by the shoulders; Cocroft lost her balance. Smith pulled her back and threw her forcefully to the ground on the other side of the island and scraped her face against the cement. At some point, Cocroft asked Smith what he was doing. Smith placed his knee on Cocroft's back, pulled her arms behind her back and placed handcuffs on her wrists. Cocroft felt pain in her arm when he pulled it behind her. Smith kept his knee on Cocroft's back for several minutes, even after she told him she could not breathe. Smith weighed 215 pounds at the time of the incident.

Cocroft became very upset when Smith began to place her under arrest. She became hysterical as Smith pulled her arms behind her back to handcuff her. After Smith placed Cocroft on the ground to effectuate her arrest, she continued to move her face back and forth in an attempt to keep it from scraping against the pavement. When Smith pushed his knee into Cocroft's back, it impeded her ability to breathe, but she did not lose consciousness. Smith told Cocroft that if she stopped saying anything, he would let her up.

Smith denies hearing Cocroft say anything about not being able to breathe, and claims that he had placed his knee on Cocroft's shoulder, not her back, in order to hold her down to handcuff her. Smith restrained Cocroft on the ground until assistance arrived because he was by himself and had just placed her under arrest. Additionally, Mwangi was agitated and outside the vehicle and he had to repeatedly tell her to sit back down. Mwangi never approached or threatened Smith; she was dialing 911 during the incident.

The Worcester Police Department Use of Force Policy in effect at the time of the incident states: "Once the prisoner is restrained, the officer shall insure that the prisoner can adequately breath by placing him on his side or back (if lying down), or by placing him in a

sitting position or other position that will allow him to breath freely. No subject is to be placed face down in the prone position."

Cocroft was transported, in custody, to the UMass Memorial Hospital. She was then kept transported back to the police station for further custodial processing. Cocroft suffered abrasions to her face, an earring ripped out of her ear, bleeding, a sore back, and bruised fingers and shoulder. After Cocroft returned to Chicago, she was still experiencing pain and was treated at Cook County Hospital for a shoulder sprain and torn rotator cuff. She was also treated at the Jackson Health center in Chicago. Cocroft experienced terror, physical pain, and suffering.

Cocroft was charged with disorderly conduct and resisting arrest. After a jury trial, she was convicted of resisting arrest. The trial judge granted Cocroft's motion for a directed verdict on the disorderly conduct charge. Her conviction was affirmed by the Massachusetts Appeals Court; the Massachusestts Supreme Judicial Court denied further appellate review of the resisting arrest conviction.

## **Discussion**

Smith asserts that he is entitled to summary judgment on Cocroft's Section 1983 and MCRA claims because he had sufficient probable cause to arrest her and did not utilize excessive force to effectuate her arrest and therefore, she cannot establish that her constitutional rights were violated. Smith asserts that he is also entitled to summary judgment on Cocroft's MCRA claims because she has failed to establish that any of her constitutitional rights were interferred with by means of threats, intimidation or coercion. As to the Cocroft's state law tort claims for false arrest and assault and battery, Smith asserts that he is entitled to summary judgment because (i) he had probable cause to arrest her and therefore, her arrest was legal and

valid, and (ii) his use of force while carrying out the arrest was reasonable. In the alternative, Smith argues he is entiteld to summary judgment becaue he is entitled to qualified immunity with respect to all of Cocroft's claims.

### *Cocroft's Federal and State Civil Rights Claims*

In order to establish a claim under Section 1983, Cocroft must establish that a person acting under the color of law denied her a right secured by the constitution or by federal law. Smith concedes that he was acting under the color of law and therefore, the issue before the Court is whether he violated any of Cocroft's constitutional rights. Cocroft alleges that Smith violated her rights under the Fourth Amendment by falsely arrested her and using excessive force in connection with effectuating the arrest.

As for Cocroft's MCRA claims, she must prove that her exercise or enjoyment of rights secured by the constitution or laws of either the United States or Massachusetts has been interfered with, or attempted to be interfered with, by threats, intimidation or coercion. *See* Mass. Gen. L. ch. 12, § 11I.   The MCRA is the state "counterpart" to Section 1983 and, in general, is coextensive therewith.   The primary difference is that to succeed on an MCRA claim, a plaintiff must also show that the violation of rights occurred "by threats, intimidation or coercion." *Bally v. Northeastern Univ.,* 403 Mass. 713, 532 N.E.2d 49, 52 (1989). "A 'threat' means the 'intentional exertion of pressure to make another fearful or apprehensive of injury or harm.' " *Goddard v. Kelley,* 629 F.Supp.2d 115, 128 (D.Mass.2009)(citation to quoted case omitted). "Intimidation" means putting a person in fear for the purpose of compelling or deterring his or her conduct. *Id.* "Coercion" means application of physical or moral force to another to constrain him to do against his will something he would not otherwise do. *Id.* The direct violation of a constitutional right does not establish a MCRA violation because "it is not

an attempt to force someone to do something the person is not lawfully required to do." *Columbus v. Biggio,* 76 F.Supp.2d 43, 54 (D.Mass.1999).

*Cocroft's Claims For False Arrest*

Cocroft asserts that her arrest for disorderly conduct was unlawful because Smith arrested her for exercising her First Amendment right of free speech. *Turkowitz v. Provincetown,* Civ. No. 10-10634-NMG, 2012 WL 5354545, -- F.Supp.2d--, *7 (D.Mass. Oct. 26, 2012). (police officer may not base decision to arrest upon conduct protected by First Amendment). Smith asserts that Cocroft's claim that her arrest was unlawful and therefore violated her Fourth Amendment rights must fail because she was found guilty of resisting arrest, a charge which stemmed from the underlying incident. At the hearing, Smith argued that Cocroft's claim is barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364 (1994), which provides that where a plaintiff asserts a violation of Section 1983 "based upon alleged unlawful actions that would 'necessarily imply' that a prior conviction was invalid, the plaintiff must prove that the conviction has been reversed, expunged, declared invalid by an appropriate state tribunal or called into question by issuance of a writ of habeas corpus by a federal court." *See Turkowitz*, 2012 WL 5354545, at *4. Cocroft argues that while *Heck* may bar any claim that she was unlawfully arrested for resisting arrest, it does not bar her claim that Smith falsely arrested her for disorderly conduct. Put another way, she argues that *Heck* does not bar her from suing Smith for precipitating the unlawful event.

Faced with the same argument, the court in *Turkowitz* found that the plaintiff's conviction for resisting arrest barred his Section 1983 action against the police for the initial

seizure (for which he was charged with disorderly conduct[1]): "[w]here an arrest is based upon a 'single incident' the plaintiff must prove that the arresting officer did not have probable cause to arrest him for any reason." *Id.*, at *7. Cocroft, on ther other hand, cites to compelling authority to support her position that where she was acquitted of the underlying charge, *i.e.,* disorderly conduct, her Section 1983 false arrest claim should not be barred by her conviction for resisting arrest. *See Groman v. Township of Manalapan*, 47 F.3d 628 (3$^d$ Cir. 1995); *Keylon v. City of Alberquerque*, 535 F.3d 1210 (10th Cir. 2008); *Petro v. Town of West Warwick*, 889 F.Supp.2d 292 (D.R.I. 2012). With all due respect to Judge Gorton, I do not find the 'single incident' analysis persuasive on the facts of this case. *Heck* bars claims where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Under Massachusetts law, a person can be convicted of resisting arrest regardless of whether or not the initiating arrest was lawful. *Commonwealth v. Cocroft*, No. 10-P-1875, unpublished.op., 1 n.1 (Oct. 31, 2011) (80 Mass.App.Ct. 1112 (Table)). Therefore, a finding by the jury that Cocroft's arrest for disorderly conduct was unlawful would not undermine her conviction for restisting arrest. Consequently, I find that Cocroft's Section 1983 claim for false arrest is not barred. Therefore, Smith's motion for summary judgment is denied. *But see Wells v. Bonner*, 45 F.3d 90 (5th Cir. 1995)(if probable cause for any of offenses charged— disorderly conduct, or resisting search —*Heck* bars Section 1983 claim); *Sholley v. Town of Holliston*, 49 F.Supp.2d 14, 18 (D.Mass. 1999)(plaintiff was arrested for abuse of prevention order; under *Heck,* plaintiff's conviction

---

[1] The plaintiff in *Turkowitz* was originally convicted in state court of both disorderly conduct and resisting arrest. However, the disorderly conduct conviction was overturned on appeal.

for failure to submit barred Section 1983 claim for false arrest on abuse of prevention order charge because arrest was single indivisible event).

Neither party has adequately addressed whether under the cirmcumstances of this case, Massachusetts courts would adopt the *Heck* analysis to bar Cocroft's false arrest claim. *See Leo v. Glodis*, No. 07-11896-NG, 2011 WL883779 (D.Mass. Mar. 11, 2011)(defendants have offered no argument why *Heck* should necessarily extend to state-law civil rights claim). Having found that Cocroft's Section 1983 claim is not barred by *Heck*, I likewise find that her MCRA claim is not barred.   Additionally, Cocroft has at least raised a genuine isssue of material fact as to whether the alleged violation of her rights involved threats, intimidation or coercion.   Therefore, I am also denying Smith's motion for summary judgment on her MCRA claim for false arrest.

## *Cocroft's Claims For Use Of Excessive Force*

When a police officer arrests an individual, he violates that individual's rights under the Fourth Amendment when using more force than is objectively reasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Whether the force used was objectively reasonable in a given case requires a fact-specific inquiry of the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Jennings v. Jones*, 499 F.3d 2, 11 (1st Cir.2007) (quoting *Graham*, 490 U.S. at 396). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The Court also must consider "the fact that police officers are often forced to make split-second judgments—in circumstances that are

tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation" and that "[n]ot every push or shove ... violates the Fourth Amendment." *Id.*, at 396–97 (internal quotation marks and citation omitted). The officer's subjective motivation is irrelevant to the analysis. *Id.*, at 397.

In this case, viewing the facts in a light most favorable to Cocroft, Smith hurled her to the ground, painfully pulled her arms behind her, put his knee directly onto her back and applied his weight, and ignored her pleas that she could not breathe. Additionally, when thrown to the ground, her face scraped againt the pavement. She suffered abrasions to her face, an earring ripped out of her ear, bleeding, a sore back, and bruised fingers. A later examine revealed that she had a shoulder sprain and torn rotator cuff. I agree with Smith that Cocroft's conviction for resisting arrest makes this a close call. However, given the nature of the intitial charge (disorderly conduct), that there is no evidence that Cocroft posed an imminent threat to Smith's safety or to others, that the jurors could conlude that her resistance was, in whole or in part, in response to the force used by Smith, or that Smith's use of force was greater than necessary to counteract her resistance, there is a genuine issue of material fact as to whether the force used by Smith was objectively reasonable. Therefore, his motion for summary judgment is denied with respect to Cocroft's Section 1983 and MCRA claims for excessive force.

*Whether Smith Is Entitled To Qualified Immunity*

Smith asserts that he is entiteld to summary judgment on Cocroft's Section 1983 and MCRA claims because he is entitled to qualified immunity. The doctrine of qualified immunity protects public employees "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Under the

two-part test adopted by the First Circuit, the relevant inquiries are (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *See Maldonado v. Fontanes,* 568 F.3d 263, 269 (1st Cir.2009). For purposes of the second prong, whether the right in question was "clearly established" depends on "(a) whether the legal contours of the right in question were sufficiently clear that a reasonable officer would have understood that what he was doing violated the right, and (b) whether in the particular factual context of the case, a reasonable officer would have understood that his conduct violated the right." *Mlodzinski v. Lewis,* 648 F.3d 24, 32–33 (1st Cir.2011). "This prong of the inquiry, while requiring a legal determination, is highly fact specific, and may not be resolved on a motion for summary judgment when material facts are substantially in dispute." *Swain v. Spinney,* 117 F.3d 1, 9 (1st Cir.1997).

    Smith is not entitled to qualified immunity with respect to the Section 1983 and MCRA claims for excessive force. Simply put, it was clearly established at the time of the incident that the Fourth Amendment prohibits a police officer from utilizing excessive force in making an arrest. *Turkowitz*, 2012 WL 5354545 at *7. Furthermore, taking the facts in the light most favorable to Cocroft, a reasonable officer in Smith's position would have known that his conduct violated her rights.

    As to the false arrest claims, "[a] police officer may not base the decision to arrest upon conduct that is protected by the First Amendment. Whether a plaintiff must establish that the police lacked probable cause in order to state a claim for retaliatory arrest remains an open question. Perhaps as a result, the Supreme Court has recently stated that the right to be free from a retaliatory arrest that is also based upon probable cause has not been clearly established.

11

… . [However,] [o]fficers are not entitled to qualified immunity when making retaliatory arrests when they are not based on probable cause." *Id.*,, at \*\*7-8.  I find that there remains a genuine issue of material fact as to whether in the first instance, Smith arrested Cocroft for exercising her First Amendment rights—that is, whether he arrested her without probable cause.  Therefore, Smith his not entitled to qualified immunity with respect to these claims. I will note, however, that if the facts at trial were instead to establish that Smith arrested Cocroft in retaliation for exercising her First Amendment rights and — at the same time —he had probable cause to arrest her for her conduct, then he would be entitled to qualified immunity (because he would hot have violated a clearly establised right.)

### *Cocroft's State Law Claims For Assault And Battery And False Arrest*

"Massachusetts law allows for assault and battery claims against police officers who use excessive force in conducting an arrest … Where a plaintiff alleges both a § 1983 excessive force claim and common law claims for assault and battery, [the court's] determination of the reasonableness of the force used under §1983 controls [the] determination of the reasonableness of the force used under the common law assault and battery claims." *Raiche v. Pietroski*, 623 F.3d 30 (1st Cir. 2010).  Since I have determined that there is a genuine issue of material fact as to whether Smith used excessive force for purposes of Cocroft's civil rights claims, Smith's motion for summary judgment on her assault and battery claim must necessarily be denied.  The same applies for Cocroft's false arrest claims.  Furthermore, "Massachusetts law is unsettled regarding the existence of state qualified immunity." *Raiche*, 623 F.3d at 40.  However, because I have found that Smith is not entitled to qualified immunity with respect to his civil rights claims, for the same reasons, he would not be entitled to qualified immunity on his state law tort claims. *Id.*

## **Conclusion**

It is hereby Ordered that:

Defendant Jeremy Smith's Motion For Summary Judgment (Docket No. 26) is ***denied***.



*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**