

Matthew Segal, Legal Director
(617) 482-3170 ext. 330
msegal@aclum.org

June 19, 2014

**By CM/ECF**

The Honorable Timothy S. Hillman
U.S. District Court
District of Massachusetts
Donohue Federal Building
595 Main Street
Worcester, MA 01608

*Re:*   Cocroft v. Smith, Civil Action No. 4:10-cv-40257-TSH

Dear Judge Hillman:

For the Court's convenience, counsel for plaintiff Wakeelah Cocroft write to provide full citations to some of the cases referenced during yesterday's argument on defendant Jeremy Smith's post-trial motion.

With respect to the Massachusetts Civil Rights Act (MCRA), the undersigned counsel referenced a line of cases concerning actual arrest or the threat of arrest. See, e.g., Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) ("If there was no probable cause for [plaintiff's] arrest, he can seek redress under . . . [the MCRA]."); Damon v. Hukowicz, 964 F. Supp. .2d 120, 150 (D. Mass. 2013) (explaining that, although "a threat to use lawful means, including a threat to arrest on the basis of probable cause, is not actionable under the MCRA," that proposition does not hold true for "threats to arrest Plaintiff even when it would be improper to do so" (citing Sena v. Commonwealth, 417 Mass. 250 (1994))); Daley v. Harber, 234 F. Supp. 2d 27, 31-32 (D. Mass. 2002) (holding that an arrest without probable cause constituted coercion under the MCRA); see also Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass. App. Ct. 86, 92-93 (1999).

With respect to the admission of evidence concerning Cocroft's acquittal for disorderly conduct, the undersigned counsel referenced Gill v. Maciejewski, 546 F.3d 557 (8th Cir. 2008). See id. at 564 ("[T]here was nothing improper or inaccurate about the instruction's recitation of the 'not guilty' verdict. The district court properly concluded it would be unfairly prejudicial to present evidence of a criminal proceeding without telling the jury Gill was acquitted.").

The Honorable Timothy S. Hillman
June 19, 2014
Page 2

Finally, with respect to damages, the undersigned counsel referenced <u>Molloy v. Blanchard</u>, 115 F.3d 86 (1st Cir. 1997) (discussing a single damage award that had been issued for two claims).

Sincerely,

/s/ Matthew R. Segal
Matthew R. Segal

cc:     Counsel of Record (by CM/ECF)


**CERTIFICATE OF SERVICE**

    I, Matthew R. Segal, hereby certify that as a result of filing the foregoing document through the court's CM/ECF system, a copy will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 19, 2014.

                                                                      /s/ Matthew R. Segal