UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WAKEELAH A. COCROFT,<br>      Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION<br>NO. 10-40257-TSH |
| JEREMY SMITH,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) | |

### ORDER AND MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
November 30, 2015

**HILLMAN, D.J.**

### Background

Wakeelah A. Cocroft ("Cocroft" or "Plaintiff") filed a federal civil rights claims against Worcester Policer Officer Jeremy Smith ("Smith" or "Defendant") under 42 U.S.C. §1983 for violation of her First and Fourth Amendment rights. Cocroft also filed Massachusetts state law claims against Smith for violation of the Massachusetts Civil Rights Act ("MCRA"), Mass.Gen.L. ch. 12, §§11-H-I and tort law claims for assault and battery and false arrest. After trial, the jury found that Officer Smith unlawfully seized Cocroft, but that he did not use excessive force against her or violate her First Amendment rights. *Jury Verdict Form* (Docket No. 112). As to her Massachusetts state law claims, the jury found that Officer Smith violated

Cocroft's rights under the MCRA, but did not commit an assault and battery on her.[1]  The jury awarded Cocroft $15,000 in damages.

This Memorandum of Decision and Order addresses Plaintiff's Supplemental And Amended Motion For Award Of Attorney's Fees and Costs (Docket No. 151)("Amended Motion")[2] pursuant to which Cocroft requests an award of attorneys' fees in the amount of $254,765, and costs in the amount of $2,288.40, for a total award of $257,053.40.  For the reasons set forth below, that motion is *allowed*, in part, and *denied*, in part.

## Discussion

### *Legal Standard*

Having prevailed on her Section 1983 false arrest claim, Cocroft is presumptively entitled to recover her reasonable attorneys' fees, "'unless special circumstances would render such an award unjust.'". *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008). What constitutes a reasonable attorneys' fee:

> typically is determined through the lodestar method, which involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure. In fashioning the lodestar, [the] court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case. Subject to principles of interconnectedness, the court may disallow time spent in litigating failed claims. It also may adjust the lodestar itself, upwards or downwards, based on any of several different factors, including the results obtained and the time and labor actually required for the efficacious handling of the matter. Reasonableness in this context is largely a matter of informed judgment. There are, however, guideposts in the case law. For instance, a district court may deem an expenditure of time unreasonable if the reported hours are 'excessive, redundant, or otherwise unnecessary.' By like token, it may discount

---

[1] Cocroft agreed that her false arrest claim was subsumed within her Section 1983 claim for unlawful seizure and, therefore, as to that claim, the Court allowed Defendant's Motion For Judgment As A Matter Of Law (At Close Of Plaintiff's Evidence)(Docket No. 105).

[2] Plaintiff's Motion For Award of Attorneys' Fees and Costs (Docket No. 137) is *denied* as moot. Any future reference in this opinion to Plaintiff's original fee petition shall refer to hours billed prior to the filing of her Amended Motion, that is, all such references shall exclude the hours incurred and/or monetary award sought for worked performed after the filing of the initial motion.

>or disallow the total hours claimed if it determines that the time is insufficiently documented.

*Id.* (internal citations and citations to quoted case omitted).  After passing on the reasonability of the time expended by the attorneys, the Court must determine the appropriateness of the rates charged. *Id.*

In determining an objectively reasonable award based on the work of Cocroft's attorneys, the Court has reviewed the pretrial, trial and post-trial record of this case, including the affidavits and billing records submitted by Cocroft in support of her application for fees and costs. Considering these materials and the arguments of the parties, the Court will apply the lodestar method, making appropriate adjustments in light of the factors outlined by the First Circuit.

### *Whether the Time Spent And Fees Charged Were Appropriate*

Cocroft's attorneys provided able representation prior to, during, and through trial. Moreover, there is no question that, having received a favorable, albeit minimal, jury verdict on the false arrest claim, Cocroft's counsel obtained at least a partial victory for their client. Therefore, she is entitled to an award of attorneys' fees and costs.  Cocroft's legal team consisted of senior level attorneys, three of whom billed at the hourly rate of $350.00 and one of whom was billed at the hourly rate of 300.00, a junior level attorney billed at the rate of $175.00 per hour, and a legal intern billed at the rate of $100.00 per hour.  The Court finds that, with one exception, the rates charged by Cocroft's attorneys were reasonable considering the usual price charged for similar services in the area.[3] The one exception is that Plaintiff has not satisfied the Court that charging $100.00 per hour (or any amount) for a law student's time is reasonable. Therefore, the Court will deduct the $3,280.00 in attorneys' fees attributable to "legal

---

[3] The rates "charged" by the ACLU attorneys, while on the high end, are reasonable rates for the Central Massachusetts area for an action involving civil rights violations.

3

intern/paralegals." Thus, the Court begins its analysis with a presumptive award of attorneys' fees in the amount of $251,845 and total costs in the amount of $2,288.40.

While the rates charged by the practicing attorneys are reasonable, the Court is troubled by other aspects of the fee application. More specifically, this was not a complex litigation. On the contrary, it was a straightforward and simplistic civil rights action. The case involved a single plaintiff and single defendant in a dispute that, by all accounts, lasted only several minutes. There was no *Monell* claim, no claim for punitive damages, little evidence which needed to be gathered and analyzed, no experts and, relative to similar cases, minimal legal wrangling before or during the trial. Nonetheless, as noted above, Cocroft's legal team consisted of *four* senior level attorneys, one junior level attorney and a legal intern.[4] The *only* contested legal issue which was not run of the mill was whether Cocroft's arrest and conviction for resisting arrest barred her claim that her arrest in the first instance violated the First and/or Fourth Amendments (an issue which was resolved at summary judgment).

Plaintiff's suggests that "[w]ork was distributed liberally to law student interns and less experienced attorneys as appropriate. The more experienced attorneys did not duplicate efforts or overstaff the case." However, the records submitted by the Plaintiff in support of her fee application belie this assertion. Indeed, the records reflect that of the 811.8 attorney hours billed relative to pretrial and trial matters, *703.6* hours, or 86.7%, was incurred by the *four* senior level attorneys. Additionally, contrary to Plaintiff's assertions, the time sheets reflect a duplication of effort from each of these attorney, particularly in regards to the summary judgment motion and

---

[4] Two additional attorneys also worked on the case, ACLU legal director John Reinstein, and Sarah Wuhsch, ACLU deputy legal director, whose time Plaintiff has not billed. Plaintiff suggests that the conservative billing approach exercised by her counsel is evidenced by the fact that she is not seeking reimbursement for these attorneys' time-- that is by the fact that she is not seeking reimbursement for the work of *seven* attorneys. The Court is not persuaded.

preparation for, and review of, deposition and other evidentiary matters. It would be difficult to justify this level of staffing for complex litigation; it is impossible to justify it for this litigation and Plaintiff's attempts to do so are unavailing. Accordingly, I am reducing the attorneys' fees charged by the four senior attorneys in Plaintiff's original fee request by forty percent (40%), from $235,770 to $141,462, which reduces the total attorney fee award to $154,657, *i.e.,* $141,462.00 for the four senior attorneys plus $13,195.00 for the junior attorney.

<u>*Whether Cocroft Is Entitled To Recover for Her Unsuccessful Claims*</u>

Despite the fact that the jury found for Smith on Cocroft's excessive force, First Amendment and assault and battery claims, Cocroft takes the position that she is entitled to recover attorneys' fees with respect to legal work related to all of her claims because they all "'arose out of a short, visibly linked series of events.'" *Pl's Mot. For Award Of Attorneys' Fees And Costs* (Docket No. 137)(citation to quoted case omitted). While the incident which led to Cocroft's suit took place over a period of minutes, to suggest that for purposes of attorneys' fees and costs that her claims were indistinct flies in the face of how Plaintiff postured her case throughout pretrial proceedings and, in particular, during the trial. Moreover, Plaintiff taking the position that this claim was the primary focus of her case after having prevailed on her false arrest claim is disingenuous. On the contrary, it was clear during the trial that Plaintiff's focal point was her excessive force claim/assault and battery claim, with a secondary emphasis on the claim that Smith arrested her without probable cause and/or in violation of her First Amendment rights.[5] Furthermore, her unsuccessful excessive force/assault and battery claims have distinct legal elements and factual underpinnings from her false arrest claims, including testimony and

---

[5] I agree with Cocroft that her Section 1983 claim that Smith arrested her in violation of her First Amendment rights is not severable from her claim that her arrest lacked probable cause in violation of the Fourth Amendment. I also agree that she is entitled to recover attorneys' fees and costs related to Count 4, her state law false arrest claim, which was subsumed within, and is indistinct from, her Section 1983 claim,

5

evidence related to Cocroft's shoulder injury which required additional treatment when she returned to her native Chicago. Having overseen this case through its entirety, I find that the excessive force related claims were clearly distinct and severable from the false arrest related claims such that the Plaintiff is entitled to recover for only those hours spent on her successful claims, *i.e.*, the false arrest claims. However, given the general nature of all but a few entries on the time sheets, it is *impossible* to determine what hours were expended as to any given claim. Therefore, in conjunction with the following discussion, the Court will make a general deduction in the fee award to account for Plaintiff's limited success.

Another factor in determining the amount of fees is the extent of the plaintiff's success—contrary to Cocroft's contention at the fee hearing, the prevailing party's success remains a *critical* factor in determining the reasonableness of a fee award. *Cent. Pension Fund of the Int'l Union of Operating Engineers & Participating Employers v. Ray Haluch Gravel Co.*, 745 F.3d 1, 5 (1st Cir. 2014). While the jury awarded more than nominal damages in this case, Cocroft's recovery of $15,000 was modest when considered in context. Based on the Cocroft's limited success "in comparison to the scope of the litigation as a whole," I am reducing the total amount attorneys' fees to which I find her entitled by twenty percent (20%). *See Id.* Accordingly, in connection with her original fee petition, she shall recover attorneys' fees in the amount of $123,725.60.

*Plaintiff's Supplemental And Amended Fee Petition*

Plaintiff has filed a supplemental and amended motion for attorneys' fees and costs pursuant to which she seeks additional attorneys' fees of $2,520 incurred in connection with prosecuting her original fee petition and an additional $971.20 in costs inadvertently omitted from the original petition. Inexplicably, *all* the time for preparing and arguing this motion was

incurred by attorney Segal at the rate of 350.00 per hour.  While the time speng in connection with the preparation of and hearing on the original fee petition is reimbursable, given the ministerial nature of such a motion, I am reducing the rate which attorney Segal charged for preparing and arguing the motion to $100.00 per hour, or $720.00 *See Matalon v. Hynnes*, -- F.3d--, No. 15-1372, at *8 (1st Cir. Nov. 18, 2015)(certain amounts of fee awards such as work performed in preparing and litigating fee petitions may be calculated at discounted rates due to the comparative simplicity of task).  I find all of Cocroft's cost to be reasonable and reimbursable and therefore, award her the entire amount requested ($2,288.40).

## *The Award*

This case was important to Wakeelah Cocroft and, as are all civil rights matters, raised important public concerns.  However, as civil rights cases go, it was evident from that start that this case involved few, if any, novel issues, and would require limited discovery and little legal wrangling. Plaintiff's attorneys are experienced civil rights and trial lawyers and were aware from that this was a straightforward case that would come down to a determination as to which parties' version of events the jury would believe. They should have staffed and billed the case accordingly.

In light of the foregoing, the Court concludes that an award of $124,445.60 in fees and $2,288.40 in costs is reasonable. Thus, the Court awards a total sum of $126,734.00.  This award strikes the appropriate balance between vindicating the rights of plaintiffs like Cocroft and the public and ensuring that the fee-shift provision is not used as a license for exorbitant billing practices on claims that do not involve complex facts and legal analysis.

## **Conclusion**

For the foregoing reasons, Plaintiff's Supplemental and Amended Motion For Award Of Attorneys' Fees and Costs (Docket No. 151) is ***granted, in part*** and ***denied, in part***. Plaintiff's Motion For Award Of Attorneys' Fees and Costs (Docket No. 137) is ***denied***, as moot. The Court awards a total sum of $126,734.00 in fees and costs.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**